(21 Misc. Rep. 16.)

## WALKER v. JOHNSON.

(Supreme Court, Appellate Term. July 29, 1897.)

REAL-ESTATE AGENT—ACTION FOR COMMISSIONS—EVIDENCE.
On trial of an action for broker's commissions on exchange of property, in which the defense was that defendant had been induced to part with his property by plaintiff's false representations, after plaintiff had been permitted to testify that defendant had told him that his property would not sell for the amount of the mortgage on it, and also that, in plaintiff's opinion, defendant's property was worth less than that exchanged for it, defendant attempted to prove the value of his property, but the evidence was excluded. The court afterwards, on plaintiff's request, charged that, if defendant did not rely on any false representations made, plaintiff must recover. Held, that the exclusion of the evidence of the value of defendant's property was error.

Appeal from city court of New York, general term.

Action by Samuel Y. Walker against Reginald P. B. Johnson for commission as real-estate broker in effecting an exchange of properties between defendant and a third person. The defense was fraudulent representations of plaintiff to defendant, inducing the latter to make the exchange. From a judgment in favor of plaintiff (45 N. Y. Supp. 1150), defendant appeals. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Smith Lent and Elliott Williams, for appellant.

Robert J. Robeson and Quincy, Wendel & Robeson, for respondent.

DALY, P. J.   The plaintiff, a real-estate broker, sued to recover $300, agreed commission for effecting an exchange of defendant's property, No. 102 West 102d street, in this city, for a house and lot in Monterey, Mass., and eight lots in North Haven, Conn., belonging to Carsten H. Bohlen.   The chief defense to the action was that defendant was induced to part with his property for property of little or no value, by the false representations of plaintiff that the Monterey property was rented for $20 a month, and the lots in Connecticut were worth $3,000, adjoining lots having been sold for $250 each.   There was no doubt, upon the evidence, that the representations, if made, were false, but they were denied; and the issues left to the jury were whether they were made, and whether defendant relied upon them in making the exchange.   On the latter point, the defendant asked and obtained a specific instruction to the jury that "if there were false representations made, and the defendant did not rely upon those false representations, then, no matter whether those false representations were made, the plaintiff is entitled to a verdict."   The significance of this request is found in the testimony, given by the plaintiff, that defendant told him that, if his (defendant's) property was put up at auction, it would not bring the mortgage, and that it did not pay him to pay the interest and taxes.   This testimony was manifestly intended to impress the jury with the belief that, in making the exchange, the plaintiff was getting rid of worthless property, which it was a burden to carry, and that, as he was in fact getting something for nothing, it was not probable that he was moved in the matter by the plaintiff's representations.   To meet this suggestion, the defendant attempted to show the value of the 102d street property, but plaintiff objected, on the ground that the evidence was immaterial, irrelevant, and, under the issues, it was not a question as to what the value of his house was.   The objection was sustained, and defendant excepted. The evidence should have been admitted.   The plaintiff had also testified that the Monterey property was worth a little more than defendant's.   Having thus got in his own opinion as to the value of defendant's property, and an alleged admission of the latter that it was worthless, he succeeded in shutting out defendant's evidence on the subject as not within the issues, and, having thus insinuated a strong motive for defendant's trying to acquire Bohlen's property without reference to any specific valuation put upon it, procured an instruction upon which the excluded testimony would have had some bearing; for, if defendant's property was valuable, the inference might well be that, in parting with it, he relied upon representations as to the value he was to receive for it.   It is true that defendant was afterwards allowed to state what he paid for the property, and what it rented for when he bought it; but the error in excluding testimony of its value at the time of the exchange was not thereby cured, and the defendant, by reason thereof, is entitled to a new trial.

Judgment reversed, and new trial ordered, with costs to abide event.   All concur.