JAMES R. WHAPLES, Respondent, *v.* JOSEPH FAHYS and ALEXANDER H. SHARP, Appellants, Impleaded with Others.

*Real estate broker's commissions — agreement by several owners of separate lots to sell them to a corporation — when each is liable for commissions only on his share of the proceeds of the sale — an owner refusing to perform the contract held liable for all the commissions — if the broker makes false representations he is entitled to no commissions.*

A corporation, which desired to purchase a tract of land, divided into thirty city lots owned in severalty by four different parties, employed a broker to procure options on such lots. The corporation did not desire any of the lots unless it could procure all of them. The broker interviewed the respective owners of the lots and succeeded in inducing them to sign a contract with the corporation for the sale of all the lots to it at a certain price for each lot; the owners also agreed to pay to the broker a commission of two and a half per cent.

The contract of sale fixed a gross price for the entire tract, and provided that such purchase price should be divided among the respective owners in proportion to the number of lots which they owned, all of such lots being regarded as of equal value. None of the owners was interested in the sale of the lots owned by the other owners.

*Held,* that the lot owners were not jointly liable to the broker for commissions upon the entire purchase price, but that each owner was liable for a proportionate share of the commissions corresponding with the proportionate share of the purchase price to which he was entitled in case the sale of his land was effected;

That if the broker induced any of the owners to consent to sell their lots by
making false representations as to the purpose for which the lots were to be
used, he could not recover commissions from such owner, even though the
contract became binding upon the owner because the purchaser was innocent
of the misrepresentations.

*Semble,* that if any owner prevented a sale without legal justification, he would
be liable to the broker for the latter's commissions on such owner's lots, and
for damages caused by the loss of commissions on the other lots.

APPEAL by the defendants, Joseph Fahys and another, from a
judgment of the Supreme Court in favor of the plaintiff, entered in
the office of the clerk of the county of New York on the 12th day
of May, 1903, upon the verdict of a jury rendered by direction of
the court, and also from an order entered in said clerk's office on the
27th day of May, 1903, denying the said defendants' motion for a
new trial made upon the minutes.

*Frank M. Hardenbrook,* for the appellants.

*Charles W. McCandless,* for the respondent.

LAUGHLIN, J.:

This is an action by a broker to recover commissions for procuring
a purchaser for lands owned by the defendants in severalty. It
appears that one Morton Bishop, who was secretary of the Hudson
County Consumers' Brewing Company, acting for the incorporators
of that company, employed the plaintiff, as a real estate broker, to
procure options upon a tract of land in Hoboken, N. J., which had
been subdivided into thirty city lots. Sixteen of the lots were
owned by the appellant Fahys, six by the appellant Sharp, six by
the defendant Blythe and two by the defendant Egbert. The
plaintiff interviewed the respective owners and obtained options. It
does not appear whether they all joined in one option or whether
separate options were given, but, in making offers for the property,
the lot was taken as the basis. The lots seem to have been regarded
as of about the same value, and finally the owners all agreed to sell
at the same valuation per lot. It appears that the purchaser did not
desire to acquire any of the lots unless he could acquire them all;
that after the options were secured, and on the 25th day of Novem-
ber, 1899, a formal contract in writing for the purchase and sale of
the lots was executed by the purchaser as party of the first part, and

Fahys, Blythe, Sharp and Egbert as parties of the second, third, fourth and fifth parts, respectively. By this contract the purchase price of the entire tract was fixed as gross at $22,000. Five thousand dollars of the purchase price was to be paid in cash to be divided *pro rata* between the owners according to their respective interests. The balance was to be secured by purchase-money mortgages and bonds to the respective owners upon the lots owned by them respectively for their respective *pro rata* shares of the balance, it being provided that the purchaser was not to become obligated to take title unless all of the owners could give good title free and clear of incumbrances to the lots owned by them respectively. The only evidence in the record with respect to the payment of any commission by the defendants is the testimony of the plaintiff that, at a conference on the 28th day of November, 1899 — presumably at the time of the execution of the contract — when the plaintiff and all the owners were present, " Mr. Fahys asked me the commission again and I told him two and one-half per cent. * * * No one dissented from that arrangement." The sale was not consummated on account of the refusal of the defendant Egbert to convey. He was a minister and owned and resided in a house opposite the premises in question. It appears that he repudiated the contract, upon the ground that the plaintiff represented that the purchaser intended to erect upon the premises dwellings or other buildings for residential purposes, which would be a benefit to the neighboring property, which was used for similar purposes, and he subsequently learned that a brewery was to be erected thereon.

The action is brought upon the theory that the defendants are jointly liable to the plaintiff for commissions at the rate of two and one-half per cent upon the entire purchase price. The defendants Egbert and Blythe were non-residents. They were only served by publication and mailing to their respective addresses without the State. They have not appeared and no warrant of attachment was issued. At the close of the evidence both parties moved for a direction of a verdict, and neither requested to go to the jury. The court directed a verdict against the appellants for the entire amount of the commissions.

We are of opinion that the plaintiff failed to show a joint liability on the part of the appellants and that the verdict cannot stand.

This was not the intention of the parties. The owners did not jointly employ the plaintiff to sell the premises. Neither was interested in a sale of the other's lands. The purchaser by whom the plaintiff was originally employed is the only one interested in a sale of the lands as a whole. The legal effect of the contract, testified to by the plaintiff, is that each owner became liable for the proportionate share of the commissions corresponding with his proportionate share of the lands in case a sale of his lands was effected. Doubtless any owner who prevented a sale without legal justification would be liable to the plaintiff for such owner's proportionate share of the commissions and for damages caused by the loss of commissions on the other interests; but the interests of the owners were several and their contracts with the plaintiff were several. Therefore they are not jointly liable.

There is considerable evidence indicating that the plaintiff misrepresented the purpose for which the lots were to be used. He, however, controverted this evidence and was corroborated to some extent by other witnesses. Upon the new trial, which must be awarded, this evidence may become important, for, of course, a broker must act in good faith with his principal, and if he is guilty of any misrepresentations or deception which induces the principal to contract for the sale of his lands, the broker cannot recover commissions even though the contract becomes binding upon the vendor on account of the purchaser being innocent.

It follows, therefore, that the judgment and order should be reversed and a new trial granted, with costs to appellants to abide the event.

VAN BRUNT, P. J., PATTERSON, O'BRIEN and MCLAUGHLIN, JJ., concurred.

Judgment and order reversed and new trial granted, with costs to appellants to abide event.