(107 App. Div. 298.)

## LOW v. WOODBURY.

(Supreme Court, Appellate Division, Second Department. August 31, 1905.)

REAL ESTATE BROKERS—COMPENSATION—FRAUDULENT CONDUCT TOWARD EM-
PLOYER—EFFECT.

A broker acted for defendant and a third person in a transaction for the exchange of property. The broker prepared a contract, which the parties executed, but which defendant subsequently refused to fulfill. The third person was not the owner of the land which he should convey to defendant, and the broker was acting under a contract with the owner providing for commissions on the exchange. The broker did not inform defendant of these facts. The third person was not responsible, and his bond required by the contract of exchange was not good. The broker knew this, but represented to defendant that he was responsible. *Held*, that the broker did not act in good faith toward defendant, and was not entitled to his commissions.

[Ed. Note.—For cases in point, see vol. 8, Cent. Dig. Brokers, §§ 48–50.]

Appeal from Queens County Court.

Action by Walter S. Low against John H. Woodbury. From a judgment for plaintiff, and from an order denying a motion for a new trial made upon the minutes, defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

Benjamin Patterson, for appellant.
Austin E. Pressinger, for respondent.

HIRSCHBERG, P. J. The plaintiff sues as the assignee of a claim for broker's commissions on an agreement for the exchange of real estate. The brokers acted for both parties to the transaction, viz., the defendant and Andrew J. Larkin. On the exchange of the properties the defendant was to pay Larkin the sum of $12,000, the difference in the valuation of the equities, and he was to receive from Larkin, as part payment for the property to be conveyed by him, Larkin's personal bond for $25,000, secured by a mortgage on that property. A written contract was prepared by the brokers and executed by the parties, but the defendant refused to fulfill it, because he subsequently learned that Larkin was not the owner of the property which he had contracted to exchange and was not pecuniarily responsible.

The defendant's reason for refusing to carry out the contract was an adequate one, and the evidence leaves little room for doubt that he would not have executed the agreement if the brokers had

acted towards him in entire good faith. He testified that he told them that he wanted a responsible man on the bond, that otherwise he would not make the deal, and that they assured him that Larkin was perfectly good for the $25,000. This evidence was not in terms disputed by the brokers. They testified, moreover, that before the execution of the contract they knew that Larkin was not the owner of the property, but merely held title for the convenience of the real owners, and they admitted that they did not inform the defendant of the fact. On the contrary, they testified that they told the defendant that Larkin was the owner of the property which so stood in his name. They were acting under an agreement with the real owners of the property in question to receive commissions from them on the exchange, and that fact they also concealed from the defendant.

It was clearly established that Larkin was not at the time of the transaction the owner of any property, and that his bond for $25,000 was accordingly not good. In view of the undisputed evidence as to the defendant's inquiry of the brokers on the subject of Larkin's pecuniary responsibility, it cannot be doubted that their concealment of his true relation to the property which he was contracting to convey was an act of bad faith which deprives them of all right to compensation for their services. The concealment by an agent of facts which are material to his principal's interests, especially after inquiry made, amounts in law to fraud. "Like other agents, the broker is required to exercise the utmost good faith towards his principal; and if in the course of his agency he has committed a fraud on his principal, he is not entitled to his commissions." American & English Encyclopedia of Law (2d. Ed.) vol. 4, p. 971; Martin v. Bliss, 57 Hun, 157, 10 N. Y. Supp. 886; Whaples v. Fahys, 87 App. Div. 518, 84 N. Y. Supp. 793; Murray v. Beard, 102 N. Y. 505, 7 N. E. 553.

The judgment and order should be reversed.

Judgment and order reversed, and new trial ordered; costs to abide the event. All concur.