JOSEPH WIRUTH, APPELLANT, V. WILLIAM D. LASHMETT
ET AL., APPELLEES.*

FILED OCTOBER 8, 1908.  No. 15,291.

1. **Principal and Agent: FRAUD.** The exalting of value by an agent
employed to purchase real estate for his principal beyond what
he believes it to be is not permitted, and, if the principal relies
upon the representations of the agent, the latter and his co-con-
spirator are liable in damages.

2. **Trial: VERDICT.** In an action for the recovery of money only, a
verdict of the jury which finds that the plaintiff is entitled to
recover a certain amount in cash and also three notes, described
in the verdict, is erroneous.

APPEAL from the district·court for Perkins county.
HANSON M. GRIMES, JUDGE. *Reversed.*

*B. F. Hastings, Bartos & Bartos* and *Hall, Woods &
Pound,* for appellant.

*W. L. Rutledge* and *E. J. Clements, contra.*

EPPERSON, C.

Plaintiff alleged in detail facts which may be stated
substantially as follows:    April 16, 1904, plaintiff was
the owner of 560 acres of land in Perkins county, Ne-
braska, of the value of $4,400, and also owned consider-
able personal property; that plaintiff employed defend-
ant Lashmett to negotiate an exchange of this property
for farm lands in Butler county; that Lashmett and the
defendant Fritzinger entered into a conspiracy to cheat
and defraud plaintiff, in pursuance of which the defend-
ant Fritzinger purchased of one Voss school land leases
of 160 acres of land in Butler county, and that said
defendants procured plaintiff to·exchange his land, with
all the improvements thereon, and personal property to
the value of $2,200 for the said school land leases and im-

*Rehearing allowed.

provements upon the school land, and in addition thereto, as a part of the consideration for said school land leases, plaintiff gave to the defendant Fritzinger his two promissory notes for $1,400, bearing 8 per cent. interest per annum, and secured by a chattel mortgage on 50 head of horses. It is further alleged that, in order to procure the plaintiff to make such exchange of property, the defendants falsely and fraudulently represented that the said school land was of the rental value of $4.50 an acre; that, exclusive of improvements, the land was worth $65 an acre; that they were appraised and valued by the state of Nebraska for the purpose of fixing the rental thereof at the sum of $25 an acre, and that said $25 an acre valuation by the state of Nebraska was in the nature of a first mortgage to the state for said sum, and that the land, exclusive of improvements, was of the value of $40 an acre, or $6,400 to the holder and owner of the lease, over and above the interests of the state of Nebraska; that the improvements thereon were of the value of $1,500. Plaintiff alleges that he relied upon the representation of the defendants, but that said school land was of the reasonable value of $4,000 only, and that the leases were of the value of but $1,000, including the buildings. He sues to recover damages, alleged at the sum of $6,972. By separate answer, each defendant admits that plaintiff was the owner of property described in his petition, and hired the defendant Lashmett to obtain an exchange of the same; that plaintiff did trade said property to defendant Fritzinger for the school land described in the petition, and that plaintiff gave the notes and mortgage as alleged, and, as a defense to the action, defendants each allege that the parties themselves had made a full and complete settlement of the matters in dispute. Plaintiff recovered in the court below, but, being dissatisfied with the amount, has appealed.

Upon the trial, the court gave instructions numbered 5 and 6, requested by the defendants, which are as follows: "(5) You are instructed that a purchaser who had an opportunity to see and who did see and examine the prop-

erty before he traded for it cannot maintain an action against the party of whom he bought, solely on the ground that the vendor made false statements in regard to the value of the property or its rental value, as such purchaser is bound to rely on his own judgment in regard to such matters, and not on the statements of the vendor. (6) You are instructed that, when parties are negotiating a trade for property, which there is an opportunity to examine, and which they do examine, each has the right to exalt the value of his property to the highest point the other party's credulity will bear, and depreciate the value of the other's property. Such assertions as to value do not amount to fraudulent misrepresentations or deceit. In such cases the parties are upon equal grounds, and each one's judgment must be his guide in coming to conclusions." As abstract propositions of law, we cannot see that these instructions are erroneous. The rules therein contained would apply in an action by the vendee against the vendor of real estate for the fraudulent representation as to the value of real estate. The rules are inapplicable to the case at bar. The distinction is obvious. In an action by the vendee against the vendor where the vendee has an opportunity to exercise his own judgment regarding the value of the property, he must exercise the same. He is dealing with his vendor at arms' length. He is not justified in taking as true the representations of his vendor as to value. On the other hand, where a vendor is not dealing with his agent in matters falling within the scope of the agency at arms' length, he has the right to the utmost good faith on the part of his agent. He has a right to believe that the agent is acting for his best interest. The exalting of value by an agent employed to purchase for his principal beyond what he knows it to be is not permitted, and, if the principal relies upon the representations of his agent, the latter and his co-conspirator must be held responsive. The parties are not upon equal grounds. The principal is not required to rely upon his own judgment. He employed

the agent instead that he might have the benefit of the agent's judgment.

It is the defendant's contention that an erroneous instruction as to the right to recover is without prejudice, if the jury find for the party against whom the error was committed. But we find three issues in this case which affect the right of recovery. They are: Fraudulent representations of the value of the land; the value of the leases; and the value of the improvements. Therefore, the objectionable instructions pertain not only to the right of recovery, but also to the amount. A finding for the plaintiff under these circumstances does not indicate that the jury were not influenced by the erroneous instructions. If the jury applied the instructions to any one of the elements of damages, and it may have done so for aught that appears in the record, the error was prejudicial. By the verdict, the jury found that plaintiff was entitled to recover $250 in cash, and also three notes, one of which did not relate to the transaction complained of. This was erroneous, but as it will not probably be repeated upon a new trial we need not determine whether or not it was prejudicial.

We recommend that the judgment be reversed and the cause remanded for further proceedings.

DUFFIE and GOOD, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.