W. W. DURWARD, Appellee, v. LYMAN HUBBELL, Appellant.

**Agency:** FALSE REPRESENTATION: INSTRUCTION. Where, as in this case, the pleadings and issues joined presented the question whether the defendant falsely represented the quality and value of land which he was employed by the plaintiff to inspect, and not whether he placed a fair exchange valuation on the property, an instruction that if defendant reported that plaintiff could trade his property at a certain sum and take the land in exchange at a certain price it would be a fair trade, and if an exchange on those terms would in fact be a fair trade plaintiff could not recover, is held to have been erroneous because not within the issues.

**Same:** MEASURE OF DAMAGES. The measure of damages for falsely reporting the value and condition of property thereby inducing another to trade for or purchase the same, is the difference between the fair market value of the property as represented and its market value in its actual condition; and this is true whether plaintiff purchased the land outright or exchanged other property at an inflated valuation in part payment therefor.

**Same:** FALSE REPRESENTATION: DAMAGES. Where an agent is employed to examine land and determine at what valuation in his judgment the same can be taken in exchange for other property and in good faith gives his opinion, which was acted upon, he is not liable for loss occasioned by making the exchange, although he may have been mistaken as to the quality or value of the land.

*Appeal from Shelby District Court.*—HON. O. D. WHEELER, Judge.

SATURDAY, DECEMBER 17, 1910.

ACTION at law to recover damages for fraud and deceit

concerning the quality and value of land.   After a verdict
for defendant, the trial court sustained a motion for a
new trial and defendant appeals.—*Affirmed.*

   *Byers, Lockwood & Byers,* for appellant.

   *Cullison & Yackey,* for appellee.

   PER CURIAM.—Plaintiff, owning a livery stock at
Defiance, in Shelby County, exchanged it with one Illiff
for land situated in Fayette County.   When the exchange
was proposed, plaintiff, never having seen the land, em-
ployed the defendant to visit and examine it and report
to him the facts thus ascertained.   He alleges that defend-
ant examined or pretended to examine the land and re-
ported it to be of good soil, well improved, and worth $65
per acre.   He further alleges that, relying upon said repre-
sentations, he made the exchange, but has since ascertained
that said representations were false, and that the land is
of inferior quality with little improvements of any value,
and is not worth to exceed $30 per acre.   For the damages
thus sustained he seeks recovery from the defendant.
   It is unnecessary for the purposes of this appeal to
go into any review of the evidence or the apparent merits
of the controversy.   The motion for a new trial was sus-
tained upon the single ground of alleged error in an in-
struction given to the jury in the following words: "34.
It is claimed by the defendant that upon his return from
Fayette County where he went to inspect the farm in
question, at the request of the plaintiff, he reported to the
plaintiff that if he could trade his livery property in at
$5,000, and get the farm at $55 per acre, it would be a
fair trade.   You are instructed in this connection that, if
you find from the evidence that the defendant did so report
to the plaintiff, and you further find from the evidence
that an exchange of said farm at $55 per acre for the

livery property at $5,000 would have been a fair trade or exchange, as claimed by the defendant, then and in that event the plaintiff can not recover in this case, and your verdict should be for the defendant." We are of the opinion that the instruction given was erroneous, and a new trial was properly ordered. The defendant does not appear to have been employed to put a valuation upon plaintiff's livery stock or to pass judgment upon what would be "a fair exchange" of properties. The claim made in the pleadings and upon which issue is taken is that he was employed to inspect the Fayette County land, and report its quality, condition, and value. With these facts ascertained, plaintiff would be in a position to put such price as he saw fit upon his stock and determine for himself what he would regard a "fair exchange." What should be deemed a fair exchange depends altogether upon the viewpoint of the individual party, witness, or juror who is asked to determine it. To one it would mean an exchange of equal values and to another something else. Plaintiff seeks to recover upon the theory that defendant was his agent to examine and report upon the quality and value of the land; that defendant undertook and professed to perform that service and by his false or incorrect report led plaintiff to understand and believe the property to be fairly worth a given value, and, believing and relying upon said report, the latter made the purchase or exchange, when, in truth and in fact, said land was of a quality and value materially below what defendant had represented it to be. If these allegations are sustained by the proof (and whether they are we do not undertake to consider), then plaintiff was entitled to recover the difference between the fair market value of the land as it was represented by the defendant and its fair market value in its actual condition at the time of its inspection by him, and this would be true without regard to whether plaintiff pur-

chased the land outright or turned in his livery stock at a more or less inflated valuation.

Of course, if defendant is able to show that his employment was simply to inspect the land and ascertain at what valuation in his judgment, plaintiff could afford to take it in exchange for his stock and he performed that duty and gave to plaintiff in good faith his honest opinion thereon, he would not be liable in damages, even though he was mistaken concerning the quality, condition, or value of the land and the exchange resulted in loss to the plaintiff. The rule given in the instruction under consideration does not sufficiently embody these propositions.

For reasons stated, the order of the district court is *affirmed.*