JOHN H. DAVIS, APPELLANT, v. JAMES HAIRE, APPELLEE.

FILED JUNE 16, 1913. No. 17,239.

1. Principal and Agent: SECRET PROFITS: LIABILITY OF AGENT. To enable a principal to recover for secret profits alleged to have been made by his agent in the exchange of properties, it must appear that at the time of the exchange or trade the agent was possessed of some knowledge of the value of the property taken in exchange that was unknown to his principal, and which the agent afterwards used to his own advantage.

2. ———: ———: ———. An agent agreed with a third party to purchase a restaurant taken by such third party in exchange with his principal for other property in case such third party should, after examination, conclude that he did not desire to hold it. The agent afterwards purchased the restaurant according to his agreement, at a price much less than that fixed by his principal in making the exchange, but which was the fair market value of the restaurant. *Held*, That he was not liable to his principal for secret profits.

APPEAL from the district court for Boone county: JAMES R. HANNA, JUDGE. *Affirmed.*

*C. E. Spear, F. J. Mack, A. E. Garten* and *H. C. Vail,* for appellant.

*I. L. Albert* and *F. D. Williams, contra.*

BARNES, J.

Action to recover secret profits alleged to have been made by plaintiff's agent in the sale or exchange of certain real estate. A trial in the district court for Boone county resulted in a verdict and judgment for the defendant, and the plaintiff has appealed.

It appears that the plaintiff was the owner of a building situated on a leased lot in Albion, Nebraska, and used as a restaurant, which he desired to exchange for other property, and employed the defendant as his agent to accomplish that purpose. Some time thereafter the defendant informed the plaintiff that he had an offer to exchange some Holt county land for the restaurant and stock contained therein. Thereupon, plaintiff and defendant went to Holt county, where they met a party by the name of Morgan, who had the Holt county land for sale or exchange. The plaintiff looked at the land, which Morgan priced to him at $4,500. After some negotiations Morgan agreed to take the plaintiff's restaurant, at a valuation of $3,000, and $1,200 for the Holt county farm, the plaintiff to pay Morgan Brothers a commission of $100. A contract to that effect was made between the plaintiff and Morgan. At that time neither the plaintiff nor the defendant knew the owner of the Holt county land, nor had any information as to the cash price for which it could be purchased.

It also appears that, in order to induce Morgan to make the trade, defendant agreed that if he, Morgan, did not want the plaintiff's restaurant after examining it, he would purchase it for $1,200. The trade as thus agreed upon

was made, and when the papers were exchanged it was
ascertained that the owner of the Holt county farm only
asked $2,300 in cash for it.    Plaintiff, however, accepted
the deed, and executed a mortgage of $1,200 on the land,
and thus obtained the title, which he still holds.    Morgan,
not wishing to keep the restaurant after he had examined
it, sold it to the defendant for $1,100, and plaintiff paid
Morgan a commission of $85 in lieu of $100 as was at
first agreed upon.    Thereafter plaintiff brought this suit
to recover from his agent what he alleged to be secret
profits, amounting to $2,000, and the trial resulted in a
verdict for the defendant, as above stated.

Complaint is made of the giving of instructions num-
bered 5, 9, 10, 11 and 12, which, in effect, told the jury
that if the defendant caused the exchange to be made, and
acquired the restaurant property himself at less than its
fair market price or value, then in such case alone would
the defendant be liable.    But, if he obtained the restaur-
ant even by misrepresentation of the facts at not more
than its fair market value, there could be no recovery, and
the burden of proof was on the plaintiff to show that the
defendant obtained the restaurant property for less than
its market value.    As we view the evidence, the instruc-
tions complained of were proper, and correctly measured
the defendant's liability to the plaintiff.    It seems clear
that this was an exchange of property in which the plain-
tiff fixed the price at which his property was to be taken
by Morgan Brothers in exchange for the Holt county farm,
the sale of which was controlled by them, and Morgan
Brothers fixed the price of the farm.    The plaintiff, at the
time the trade was made, saw the land and knew as much
as did the defendant as to its real value.    The defendant
was possessed of the same knowledge that the plaintiff
had, and no more.    In order to facilitate the trade, defend-
ant stated that, if Morgan Brothers did not want the res-
taurant after they had seen it, he would purchase it from
them for $1,200.    They afterwards concluded to accept
the offer.    With the money thus obtained, and the mort-

gage of $1,200, Morgan Brothers paid for the Holt county land, which was conveyed to the plaintiff, and the conveyance accepted by him.

The case of *Leonard v. Omstead,* 141 Ia. 485, cited by the plaintiff, is not an authority in this case. There defendant having been plaintiff's agent in negotiations for an exchange of the plaintiff's land, which he was putting in at a cash value of $70 an acre, for land of C., which C. was putting in at a cash value of $25 an acre, having discovered that C. was willing to sell his land at a net cash price of $14 an acre, and not having disclosed this to the plaintiff, as was his duty, but having arranged with C. that, after C. had exchanged with plaintiff, the defendant would buy the land of C. at a price which would net $14 an acre for the land which he had exchanged with the plaintiff, it was held that defendant must account to plaintiff for the profit he made on the land which he resold at $75 an acre, though it was not worth even $70 an acre. In the case at bar it appears, without dispute, that defendant had no knowledge as to who owned the Holt county land, or what it could be purchased for in cash, and, in order to facilitate the trade, he agreed to take the restaurant himself at $1,200 if Morgan Brothers did not desire to keep it. Neither are *Wiruth v. Lashmett,* 82 Neb. 375, *Durward v. Hubbell,* 149 Ia. 722, nor *Varner v. Interstate Exchange,* 138 Ia. 201, in point.

In the case at bar the plaintiff knew the terms of the trade, and that he was not getting $3,000, nor any other sum in cash, for his restaurant. He went in person to examine the land, and knew exactly what he was getting. The defendant concealed nothing from him, and there is no evidence to show that he suffered any damages by reason of any concealment of the facts. The defendant made no secret profits. He bought the restaurant property after his agency had determined, and then at what the evidence abundantly shows was its fair market value.

It therefore seems clear that the district court correctly instructed the jury, and, the verdict having been given the

defendant, we do not see our way clear to disturb it. The judgment of the district court is therefore

AFFIRMED.

ROSE, SEDGWICK and HAMER, JJ., not sitting.