ENOCH BUNKER *versus* SAMUEL MILES.

Where the defendant was employed by the plaintiff to purchase a certain horse, and was limited in the price; *held*, that he could not make a profit to himself out of the transaction, and that whatever money remained in his hands after paying the price of the horse, and deducting his stipulated pay for his services, might be recovered in an action for money had and received.

EXCEPTIONS from the District Court, HATHAWAY, J.

Assumpsit for money had and received. It appeared that the defendant bought a horse of one Seaver, in Sept, 1847, and was to give $65, and if he should sell him for more, he was to give Seaver one half of the excess. He went back the same day, and told Seaver he had sold the horse to plaintiff for $80, paid him the one half and requested him to say nothing about it.

It also appeared, that in Sept. 1847, Miles received of the plaintiff $80, with which he agreed to buy that horse for the plaintiff, and for as much less than that as he could, and was to have one dollar for his trouble.

It also appeared, that at the time Miles brought the horse to plaintiff, he was asked if he had saved any thing, and Miles said he had not, and the plaintiff said he would pay him for his trouble, to which it was replied, all right.

The Court instructed the jury, that if they believed the testimony, they would return a verdict for the plaintiff; that if the defendant undertook to act as agent for plaintiff in purchasing the horse, and received his money for that purpose with instructions not to exceed the sum of $80, but to get the horse as cheap as he could, and was to receive one dollar for his services; it was the defendant's duty to be faithful, and if he had received $80, with which to make this purchase, and had done so for $72,50, the plaintiff would be entitled to recover the difference, deducting the one dollar the defendant was to have for his trouble, and also interest from the date of the writ.

A verdict was returned for plaintiff.

*J. & A. Waterhouse,* for defendant, argued —

1. That the title to the horse was in the defendant, before he had any interview with the plaintiff relative to the trade.

2. Defendant sold the horse to plaintiff on the evening of the same day upon which he bought him of Seaver, and he could not act as agent for plaintiff in the purchase of a horse of Seaver, which he then owned himself.

3. If this is so, then the defendant is not liable in this form of action. If this is a case of fraud, which is all that can be contended for, the plaintiff should have brought his action upon the case for deceit, or have rescinded the trade and returned the horse.

But there was no fraud. The defendant's statement in regard to the price was immaterial, and did not induce the plaintiff to close the trade. If it were otherwise, he has sustained no injury.

Questions of fraud are peculiarly within the province of the jury, but in this case the Court decided the whole case, as matter of law ; leaving nothing to be determined by the jury, but the credibility of the witnesses.

*A. Sanborn,* for plaintiff.

TENNEY, J. — The case was put to the jury upon evidence introduced by the plaintiff alone. It appeared that he placed in the hands of the defendant the sum of eighty dollars and requested him to obtain a certain horse. The defendant was restricted in the price to be paid, to that sum, and was to procure the horse at a less price, if he should be able to do so, it being agreed that the defendant should receive the sum of one dollar for his services in purchasing the horse. He obtained the horse and delivered him to the plaintiff, who received him and disposed of him the same day. The defendant represented to the plaintiff, that he had saved nothing for himself. It appears by other testimony that the price paid for the horse by the defendant did not exceed the sum of $72,50.

If the defendant made a valid contract with the plaintiff, to do the service requested as an agent, and did do it as was agreed, he was not at liberty to make a profit to himself in the transaction, in which he was acting as the agent; and whatever sum remained in his hands, after paying the price of the horse, deducting the compensation to be made to him, was the money of the plaintiff, for which the equitable action of money had and received could be maintained. The instructions to the jury were consistent with these principles and a verdict was rendered for the plaintiff.

*Exceptions overruled.*