GEORGE G. WRIGHT, Appellant, v. FRANK R. NORTHRUP.

**Action for rent:** APPEAL: LAW OF THE CASE. Where the trial court in an action for rent instructed that taxes to be paid by the tenant as stipulated in the lease were part of the rent, and the appellant made the same contention, it became the law of the case on appeal.

**Landlord and tenant:** ENFORCEMENT OF LIEN. The fact that a landlord is not found entitled to the full amount of rent reserved by the lease does not deprive him of the right to enforce his lien for whatever may be due.

**Same:** DEFAULT IN PAYMENT OF RENT. Where it was conceded that a tenant has paid only a part of the insurance on his property, which by the lease he was to pay, it became a question for the jury under the evidence whether a definite time for payment of the balance was determined upon.

*Appeal from Polk District Court.*—HON. JESSE A. MILLER, Judge.

SATURDAY, NOVEMBER 21, 1908.

SUIT to recover rent and to enforce a landlord's lien. There was a judgment for the plaintiff for a part of his claim and he appeals.—*Reversed.*

*Read & Read* and *Parker & Hartman,* for appellant.

*Hager & Powell,* for appellee.

SHERWIN, J.—The defendant held under a written lease, the covenants of which, so far as they are material here, were as follows:

To pay the party of the first part at his office in Des Moines, Iowa, for the use of said premises, the monthly rent of sixty ($60) dollars to be paid at the rate of ($60) dollars in advance on the first day of September,

1906, and sixty ($60) dollars in advance, on the 1st day of each month thereafter, during the continuance of this lease, with eight percent interest upon all unpaid rent from maturity thereof:

The said Northrup shall pay all taxes assessed against the said property during the term of this lease, commencing with and including the taxes for the years 1906, 1907, 1908, 1909 and 1910. He shall and hereby agrees to pay for the cost of maintaining fire insurance protection of the said building during the term of said lease.

There was also a provision stipulating that a failure to comply with any of the terms of the lease should make the whole of the rent for said term due. The lease was a printed form, to which was added in writing the provision requiring the defendant to pay the taxes and insurance.

The plaintiff alleged that the defendant had failed to comply with the requirement of the lease, by failing to pay insurance premiums, taxes, and an installment of rent due May 1, 1907, and asked to recover the rent reserved for the balance of the term, amounting to over $3,000, $197.84 taxes, and $75 for insurance premiums. The answer alleged the payment of the $60 due May 1st, that a part of the amount of the insurance premium had been paid, and that there was no requirement that the premium for the whole term be paid in advance; that, while admitting that the defendant was to pay the taxes and that they were unpaid; that he was not required to pay them before they became delinquent April 1, 1907, but if so required, it was verbally agreed between the plaintiff and defendant that they need not be paid until June 1, 1907, and that no demand had been made therefor after the making of said agreement and before commencing this action; that the plaintiff had waived the right to declare the whole rent due for failure to pay said taxes. The case was submitted to the jury, with an instruction that the plaintiff was entitled to recover the amount of taxes unpaid by the

defendant. The claim for balance of insurance premiums was withdrawn from the jury by an instruction, and the other issues were submitted for the determination of the jury. The jury found for the defendant generally, but upon motion of the plaintiff he was given judgment for the taxes due, and upon motion of the defendant the landlord's attachment, which had been issued and levied upon his stock of merchandise, was discharged.

Counsel on both sides discuss the question whether the taxes and insurance premiums are to be considered a part of the rent provided for in the lease. But the question is not properly before us, for the reason that the trial court instructed that the taxes were a part of the rent, and, as the appellant contends for the same rule, it is the law of the case so far as this appeal is concerned, and we need not discuss it.

1. ACTION FOR RENT: appeal: law of the case.

The court having instructed that the taxes were a part of the rent reserved, and the jury having decided the fact questions on that theory, it was error for the court to discharge the attachment. The mere fact that the jury found that the plaintiff was not entitled to a verdict for the rent reserved for the entire term would not deprive the plaintiff of his right to enforce a lien for whatever amount was due that could be certainly ascertained. It was a question whether the entire rent reserved in the lease was due, and a recovery for only a part thereof does not bring the case within the rule of *First National Bank v. Flynn, Trustee,* 117 Iowa, 493.

2. LANDLORD AND TENANT: enforcement of lien.

We think there was error in withdrawing from the jury the claim for insurance premium. It was conceded that it was to be paid by the defendant, and that he had paid only a part thereof, and whether or not a definite time was fixed for the payment of the balance was a question for the jury.

3. SAME: default in payment of rent.

There is sufficient evidence to sustain the finding that the rent due May 1st was paid, and that there was a waiver of the time within which the taxes and insurance must be paid.

While the court instructed that the burden of proof was on the plaintiff to prove that the money sued for was all due at the time the suit was commenced, the jury was also told in effect in the sixth instruction that the extension of time for the payment of the taxes claimed by the defendant must be proved by a preponderance of the evidence.

For the errors pointed out, the judgment is *reversed.*