[Clifford v. Armstrong, et al.]

# Clifford *v.* Armstrong, *et al.*

*Bill to Cancel Stock and Reissue to Complainant.*

(Decided April 18, 1912.  58 South. 430.)

1. *Principal and Agent; Relation of Parties.*—Agents cannot acquire unreasonable advantage in dealing with the property of the principal, and cannot deal therewith except in entire good faith with full disclosure of fact.

2. *Same; Individual Profit to.*—The facts stated and considered and it is held that the respondent is not a tenant in common in the 400 shares of common stock issued to him for the bond belonging to his sister which he surrendered, and that he had no other interest in said shares since he could not, while acting as her agent, make any profit out of her property.

APPEAL from Morgan Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by Lillian Armstrong and others to cancel the issue of stock, and have same reissued to complainant, the stock having been issued in the name of C. T. Clifford. From a decree for complainants respondent appeals. Affirmed.

JOHN C. EYSTER, and TIDWELL & SAMPLE, for appellant. Under the facts Clifford is a tenant in common with complainant of the stock, and a trust cannot be declared in favor of complainant. The bill is therefore without equity, and cannot be amended so as to pray for an accounting.—*Shelly v. Tardy,* 84 Ala. 461; *Pitts v. Powledge,* 56 Ala. 14.

CALLAHAN & HARRIS, for appellee. Clifford's relations were fiduciary, and he is not entitled to make any profit out of dealing with the property of the principal. —*Burke v. Taylor,* 94 Ala. 533. The principal may claim any advantage obtained by an agent even though

the agent may have contributed his own funds or responsibilities in attaining the result.—*Messer-Moore I. Co. v. Trotwood Park Co.*, 54 South. 229; Mechem on Agency, sec. 469; 31 Cyc. 1435; *Enslen v. Allen*, 49 South. 431; *Merrill v. Sax*, 118 N. W. 437. The facts bring the case in close analogy to those of *Smith v. McGhee*, 14 Ala. 404. Clifford was therefore not a tenant in common, and the chancellor properly granted the relief prayed.

MAYFIELD, J.—This bill was filed by the appellees against the appellant to cancel 400 shares of the common stock of the Decatur Land Company, which stock was issued to and held by the respondent, C. T. Clifford, and to require the stock to be reissued to the complainants, who are alleged to be the equitable owners thereof.

The mother of complainants, and the defendant, Clifford, were sister and brother. Clifford was a banker, and was versed in matters of finance and investment, and on this account his sister intrusted to him a considerable amount of her money for investment. She also owned a bond of the Decatur Land, Improvement & Furnace Company, of the denomination of $2,500. Clifford owned 500 shares of stock in this company.

This company was largely indebted, and was about to go into bankruptcy. About this time, a new company, the Decatur Land Company, was being promoted; and it seems that the assets of the old company were transferred to the new company. It was provided, whether legally or not, that the stockholders of the old company should be given a preference in the new company; and that the subscriptions to the stock of the new company might be paid by a surrender and cancellation of stock of the old company and the payment, in

addition, of $5 per share of the new company's stock so issued; such new stock to be of the par value of $25 per share, and one share out of every five shares thereof to be preferred stock.

Under this arrangement, Clifford surrendered the $2,500 bond of the old company, belonging to his sister, and his 500 shares of stock in the old company, and had issued to his sister 100 shares of preferred stock, and to himself 400 shares of common stock in the new company.

It seems to be conceded that after the sale and transfer of all the assets in the old company its stock was of no intrinsic value; but it is claimed by appellant that, as the arrangement conferred upon the holders of the stock the privilege of exchanging it for the new stock, upon paying $5 per share additional, they to receive in lieu one share of preferred stock and four shares of common stock of the new company, Clifford is at least a tenant in common with his sister as to the 400 shares of common stock issued to him. To grant this contention would be to allow Clifford to perpetrate a fraud upon his sister, who was certainly his cestui que trust in this matter. He had parted with nothing, and was entitled to nothing, except compensation for his services as agent or trustee for his sister.

The arrangement as to giving the stockholders in the old company a preference in the new could not bind the sister of Clifford, whose money was the sole consideration of the preferred and the common stock issued to her and her brother, who was her agent or trustee in the matter. He cannot be allowed by a court of equity to thus profit by her loss, nor to convert her bonds of the old company into stock of the new company, and then claim four-fifths of this stock.

This relation of principal and agent being undisputed, the law as to this subject must control; it being well stated in the case of *Burke v. Taylor,* 94 Ala. 530, 10 South. 129, the opinion quoting from *Waddell v. Lanier,* 62 Ala. 350; " 'The relation of principal and agent is affected by the same consideration which influences the court in dealing with transactions between persons standing in other fiduciary relations. * * * It is certain that agents are not permitted to become secret vendors or purchasers of property which they are authorized to buy or sell for their principals, or, by abusing their confidence, to acquire *unreasonable gifts or advantages, or to deal validly with their principals in any case, except when there is the most entire good faith, and a full disclosure of all the facts and circumstances, and an absence of all undue influence, advantage, or imposition'*—citing 1 Story's Equity, § 315. In all such cases, the burden rests on the party claiming under the deed to prove satisfactorily that it is just, fair, and equitable in every respect, and not on the party seeking to avoid it to establish that it is fraudulent."

It is also well said by another court (*Merrill v. Sax,* 141 Iowa, 393, 118 N. W. 437) that: "To permit an agent or confidential representative to secretly profit by his manipulation of the subject-matter of his agency is to offer a premium to fraud and breach of faith. The law therefore holds him bound to account to his principal for all such profits, even though they were received by transactions in excess of the authority given him; and this law is none the less imperative, because he accounts for the full price for which he was authorized to sell." It was likewise said by this court long ago, in a case somewhat like this, that "the trustee or agent can derive no benefit to himself from dealing in

[Harris v. Johnson.]

the trust fund. The profits so accruing belong to the cestuis que trust. This proposition is too clear to require citation of authorities to support it."—*Smith v. McGehee,* 14 Ala. 410.

There is a great deal of unnecessary testimony in this record; but, after a careful examination of the record, and considering only that which is competent, we feel no hesitancy in saying that the chancellor reached the correct conclusion, and his decree, awarding the relief prayed in the bill, should be, and is, in all things affirmed.

Affirmed. All the Justices concur.