(77 South. 328)

CLAY v. CUMMINS.   (2 Div. 637.)

(Supreme Court of Alabama.   Nov. 15, 1917. Rehearing Denied Dec. 24, 1917.)

1. PRINCIPAL AND AGENT ☞69(4), 75 — BREACH OF FIDUCIARY RELATION BY AGENT —DAMAGE.
    Where an agent abuses his fiduciary relation with his principal by buying from himself as agent the property of his principal, the transaction is void, unless ratified by the principal with full knowledge of all the circumstances, and to repudiate he need not show damage.

2. PRINCIPAL AND AGENT ☞84 — PURCHASE AT OWN SALE OF PRINCIPAL'S PROPERTY — RECOVERY OF COMPENSATION BY PRINCIPAL.
    An agent cannot become directly or by collusion the purchaser at his own sale of his principal's property, and if he does so without the principal's knowledge or consent, the latter may recover the compensation paid the agent.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

3. PRINCIPAL AND AGENT ☞75—WAIVER OF RIGHT TO AVOID AGENT'S ACTS IN BAD FAITH—PRESUMPTION OF RATIFICATION.

The principal, if he sees fit to do so, with full knowledge of the facts, may waive the rule that his agent's acts in bad faith, as by purchasing the principal's property for himself, are void as to the principal, and his ratification may be presumed if he does not repudiate within a reasonable time after knowledge.

4. BROKERS ☞65(6) — REALTY BROKER — RIGHT TO COMMISSION.

Where a realty broker was authorized to sell at a minimum price of $32.50 an acre, with the understanding that, if he sold for as much as $35 an acre, he should get a commission of 5 per cent., and if he sold for not less than $33.25, and not exceeding $35 an acre, he should get all in excess of $33.25 per acre, and such broker sold for $37.50 per acre, having endeavored to get away from the original contract when sending his principal a telegram for permission to sell at $32.50, the principal not having been deceived into making a new contract, or relinquishing his rights, as he approved the contract of sale, which disclosed the real transaction, on its receipt, safeguarding himself by an accompanying letter holding the broker to the original agreement as to compensation, the broker was entitled to a commission of 5 per cent. under the. original agreement, and, his principal, not having been misled, and having expressly ratified the sale on condition the broker should be paid as provided by the original agreement, cannot set up that the broker forfeited his right as intending to get from under the original agreement.

5. PLEADING ☞34(1) — CONSTRUCTION — STATEMENT OF COUNSEL.

The court, in ruling upon plaintiff's pleading, should have been controlled by what the complaint contained, and not by the statement of plaintiff's counsel as to what he was claiming.

Appeal from Circuit Court, Perry County; B. M. Miller, Judge.

Suit by Charles C. Clay against Joseph Cummins. From a judgment for defendant, plaintiff appeals. Judgment reversed, and cause remanded.

McDaniel .& Whitfield, of Demopolis, for appellant. R. B. Evins, of Greensboro, for appellee.

THOMAS, J. The suit was brought by an agent, to recover commissions claimed as due for making sale of certain real estate, or the. reasonable value of his services in the premises. The giving of the affirmative charge at defendant's request is presented for review.

The rule of good faith that must be observed by the agent in the discharge of his duties to his principal has been of frequent discussion by the courts. Loyalty to his trust is the first duty which the agent owes to his principal. Without it the perfect relation cannot subsist. Reliance upon the agent's integrity, fidelity, and capacity is the moving consideration in the creation of all agencies; in some it is so much the inspiring spirit that the law looks with jealous eyes upon the manner of their execution, and condemns, not only as invalid as to the principal, but as repugnant to public policy, everything that tends to destroy that reliance. Keighler v. Savage Mfg. Co., 12 Md. 383, 71 Am. Dec. 600; 1 Mechem on Agency (2d Ed.) 867, § 1188. The last-cited authority (Id., § 1189) states, as the reason for the rule controlling in such cases, that:

"The agent must not put himself into such relations that his own interests or the interests of others whom he also represents become antagonistic to those of his principal. * * * The agent will not be permitted to serve two masters without the intelligent consent of both."

See Bentley v. Craven, 18 Beav. 76; Railway Co. v. Poor, 59 Me. 277.

[1] In People v. Township, 11 Mich. 222, 225, Mr. Justice Manning declared that so careful is the law in guarding against the abuse of fiduciary relations that it will not permit an agent to act for himself and for his principal in the same transaction, as to buy of himself, as agent, the property of his principal, or the like. All such transactions are void, as they respect the principal, unless ratified by him with a full knowledge of all the circumstances. To repudiate them, he need not show himself damnified; whether he has been or not is immaterial. Actual injury is not the principle the law proceeds on in holding such transactions void. Fidelity in the agent is what is aimed at, and as a means of securing it the law will not permit the agent to place himself in a situation in which he may. be tempted by his own private interest to disregard that of his principal.

"This doctrine has its foundation, not so much in the commission of actual fraud, but in that profound knowledge of the human heart which dictated the hallowed petition, 'Lead us not into temptation, but deliver us from evil,' and that caused the announcement of the infallible truth that, 'A man cannot serve two masters.'" Tisdale v. Tisdale, 2 Sneed (Tenn.) 596, 64 Am. Dec. 775; Porter v. Woodruff, 36 N. J. Eq. 174.

Upon the same principle it is held that the agent may not deal in the business of his agency for his own benefit. Switzer v. Skiles, 3 Gilman (Ill.) 529, 44 Am. Dec. 723; Bunker v. Miles, 30 Me. 431, 50 Am. Dec. 632; Miller v. Davidson, 3 Gilman (Ill.) 518, 44 Am. Dec. 715. And in the case of a sale at a fixed price, by an agent, it is said to be immaterial that the principal has not been injured (People v. Township, supra), or that the agent gave the principal as good terms as anybody would give (Salsbury v. Ware, 183 Ill. 505, 56 N. E. 149), or that the principal had fixed the price at which he was willing to sell, and that the agent buys at that price (Porter v. Woodruff, supra; Tilleny v. Woolverton, 46 Minn. 256, 48 N. W. 908). See the many cases collected by Mechem (Agency, vol. 1, § 1201) to the effect that fraud or concealment makes voidable the act of the agent predicated thereon.

In Wadsworth v. Adams, 138 U. S. 380, 388, 11 Sup. Ct. 303, 306, 34 L. Ed. 984, involving the agent's right to compensation for making a sale, where he has reserved a se-

cret benefit, Mr. Justice Harlan, writing for the court, said:

"We are of opinion that Adams was not entitled to any compensation under the contract upon which he sues, and that the court should have so instructed the jury in accordance with the defendant's request. He is no more entitled to compensation than a broker will be entitled to commissions who, having undertaken to sell particular property for the best price that could be fairly obtained for it, becomes, without the knowledge of his principal, the agent of another to get it for him at the lowest possible price. The assumption of the latter position would be a fraud upon the vendor who is entitled, in such cases, to the benefit of the diligence, zeal, and disinterested exertions of the agent in the execution of his employment. The law requires the strictest good faith upon the part of one occupying a relation of confidence to another."

See Schaeffer v. Blair, 149 U. S. 248, 13 Sup. Ct. 856, 37 L. Ed. 721; 1 Rose's Notes U. S. Rep. 1108; 19 Cyc. 228; 23 Am. & Eng. Ency. Law (2d Ed.) 921.

In a case (Jeffries v. Robbins, 66 Kan. 427, 71 Pac. 852) similar to the case at bar the court said:

"It was the duty of Robbins, as the agent of defendants, to inform them truthfully of his transactions concerning the sale and purchase of this land, and disclose to his principal, all facts known to him material to the transaction. * * * The law will not tolerate such conduct as is exhibited on the part of Robbins. Under the facts of this case, even if it were shown that he had a contract for a commission, or pay for his services, his fraudulent conduct deprives him of the right of recovery."

See like cases of Ryan v. Kahler (Tex. Civ. App.) 46 S. W. 71; Taylor v. Godbold, 76 Ark. 395, 88 S. W. 959.

[2] It has long been held by the courts of this state that the agent cannot become, either directly or by collusion with others, the purchaser at his own sale of property of his principal, and that, if he does so, without the knowledge or consent of the principal, the latter, upon knowledge of the fact, may recover by appropriate action the compensation paid to such agent. And it is likewise settled that an agent who is employed, for a reward, in the transaction of business, and is guilty of bad faith to his principal, forfeits all right to compensation, and that if, in ignorance of the facts, the principal makes payment of the compensation, he may, when informed of them, recover it back as money paid under mistake of fact. Whart. on Agency, § 336; McGar v. Adams, 65 Ala. 106; Waddell v. Lanier, 62 Ala. 347; Adams v. Sayre, 70 Ala. 318, 326; Henderson v. Vincent, 84 Ala. 99, 4 South. 180; Burke v. Taylor, 94 Ala. 530, 10 South. 129; Smith v. McGehee, 14 Ala. 404; Alford v. Creagh, 7 Ala. App. 358, 62 South. 254; Enslen v. Allen, 160 Ala. 529, 535, 49 South. 430.

The law on this subject was recently summed up by Mr. Justice Mayfield with the following quotation in the Waddell Case, supra, taken from 1 Story's Equity, § 315:

"It is [very] certain that agents are not permitted to become secret vendors or purchasers of property which they are authorized to buy or sell for their principals, or, by abusing their confidence, to acquire unreasonable gifts or advantages, or [indeed] to deal validly with their principals in any case, except when there is the most entire good faith, and a full disclosure of all facts and circumstances, and an absence of all undue influence, advantage, or imposition." Clifford v. Armstrong et al., 176 Ala. 441, 444, 58 South. 430, 431.

[3] As the foregoing rules are designed for the protection of the principal, the benefits thereof may be waived by him if he see fit to do so with a full knowledge of the facts (Bartleson v. Vanderhoff, 96 Minn. 184, 104 N. W. 820; Boyd v. Jacobs, 7 Tex. Civ. App. 131, 25 S. W. 681), and his ratification may be presumed if he does not repudiate within a reasonable time after the fact comes to his knowledge (Eastern Bank v. Taylor, 41 Ala. 93; Charles v. Dubose, 29 Ala. 367; Robinson v. Cullom, 41 Ala. 693; 1 Mechem on Agency [2d Ed.] § 1222; Marsh v. Whitmore, 21 Wall. [U. S.] 178, 22 L. Ed. 482; 8 Rose's Notes U. S. 404).

[4] As we understand this case, the plaintiff, Clay, was authorized by the defendant to sell the land at the minimum price of $32.50 per acre, with the understanding that, if the said Clay sold the same for as much as $35 per acre, he was to get a commission of 5 per cent., and if he sold for a price of not less than $33.25 and not exceeding $35 per acre, he was to get all in excess of $33.-25 per acre. He sold for $37.50 per acre, and was therefore entitled to the commission provided of 5 per cent. It may be conceded that Clay was endeavoring to get away from the original contract when sending the defendant the telegram for permission to sell at $32.50, but, regardless of his motive or intention, the defendant was not misled or deceived into making a new contract, or relinquishing his rights under the original agreement, for upon receipt of the contract of sale, which disclosed the real transaction, he approved same, but safeguarded himself by an accompanying letter, which Clay received, holding Clay to the original agreement as to compensation, and Clay was, of course, bound by the provisional confirmation by the defendant. In other words, the defendant was not injured or misled to his detriment, as he confirmed the sale upon the condition that Clay's compensation was to be fixed by the original contract, and Clay, after receiving the letter, had full notice that the said sale was not confirmed except upon said condition, and is not entitled to anything for making said sale except under the original agreement. On the other hand, the defendant, not having been misled and having expressly ratified the sale upon the condition that Clay would be paid as provided by the original agreement, cannot be permitted to set up that Clay forfeited his rights under the original agreement merely because he may have intended to get from under the original agreement, but which he did not succeed in doing. Under the evi-

dence in this case the plaintiff would be entitled to the commission of 5 per cent., that is, $900, and no more.

The second plea, of course, set up a good defense to one theory of the case, that is, a right to recover as for all in excess of $32.-50 per acre, but it did not set up a good defense to the plaintiff's right to recover the commission provided in the original agreement, as said plea showed upon its face that plaintiff had not forfeited said right.

Whether or not plea 3 was subject to demurrer or whether or not the plaintiff's special replication was sufficient we need not determine; for, as this case must be reversed, the issues should be very simple upon the next trial with a judgment for the plaintiff for the sum due under the original agreement if there should be no material change in the evidence.

[5] We are not prepared to say that the plaintiff deprived himself of all right to recover commission under the original agreement by virtue of a statement of his counsel when arguing the pleading. In the first place, the court, in ruling upon the pleading, should have been controlled by what the complaint contained, and not the statement of counsel as to what he was claiming. Moreover, the reply of counsel does not show that he abandoned this claim, as he merely stated, in effect, what the counts claimed. Of course, if after the issues were settled counsel should have expressly abandoned all right to recover except for the excess of $35 per acre, the trial court would not be put in error, but this was not done, as he merely stated before the pleading was settled the substance of his complaint.

The judgment of the circuit court is reversed, and the cause is remanded.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.