## EASTBURN v. JOSEPH ESPALLA, JR., & CO. (1 Div. 444.)

Supreme Court of Alabama. April 7, 1927.

**1. Brokers ⟷19—Fiduciary relation exists between broker and owner of property.**

Broker occupies fiduciary relation to owner whom he represents in sale of property, and owes owner duty of entire good faith.

**2. Brokers ⟷21—Where property has without owner's knowledge enhanced in value greatly in excess of minimum sale price named, broker knowing fact owes duty to inform owner thereof.**

Where broker contracts to sell property at not less than named price, and thereafter property increases in value to point greatly in excess of such minimum, unknown to owner, broker who knows this fact owes owner duty to inform him of increased value, whether arising from general causes or special conditions.

**3. Brokers ⟷54—Where owner has fixed stated sale price, broker is entitled to commissions on finding purchaser at price stated.**

Where owner, dealing with broker at arm's length, has fixed stated price and terms of sale, broker is generally entitled to commission on finding purchaser willing and able to take property at price named, without seeking purchaser at higher price.

**4. Brokers ⟷85(9)—Testimony that broker stated he could sell property for price higher than that for which offer was afterwards submitted held admissible on question of broker's good faith.**

In broker's action for commission, where defense was that property had greatly enhanced in value without owner's knowledge, rejecting testimony that broker, before submitting reduced offer, told owner's wife that he could sell property for stated sum, considerably larger than that later submitted, *held* error; evidence being admissible on question of broker's good faith.

**5. Brokers ⟷85(9)—Owner's testimony that, on accepting reduced offer, he did not know property had greatly enhanced in value, held admissible in broker's action for commission.**

In broker's action for commission for sale of property at reduced price, which had actually greatly enhanced in value, refusal to admit owner's testimony that he did not know of increased value at time of accepting offer *held* error.

**6. Brokers ⟷85(9)—Evidence that broker's agent represented to absentee owner that property was in dilapidated condition held admissible on question of fraud.**

In broker's action against owner for commissions, testimony that member of brokerage firm, in recommending acceptance of reduced offer, represented to owner, absent from premises, that place was in dilapidated condition, *held* admissible as tending to show fraud.

**7. Brokers ⟷65(3)—Broker who failed to act in entire good faith could not recover commission for sale.**

Broker who, in selling at reduced price land which had greatly increased in value, failed to act in entire good faith and in interest of owner, was prevented from recovering commissions for sale.

**8. Brokers ⟷65(3)—Broker who recommended owner's acceptance of reduced offer on representations as to bad repair of buildings held not entitled to commission.**

Where, in face of sudden and great increase in value of lands, known to broker and unknown to owner, broker failed to advise owner thereof, and recommended acceptance of reduced offer on representation that buildings were in poor repair, broker was not entitled to commission for sale.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Action to recover commissions by Joseph Espalla, Jr., & Co. against Joseph R. Eastburn. From a judgment for plaintiffs, defendant appeals. Transferred from Court of Appeals under Code 1923, § 7326. Reversed and remanded.

The following are charges which were refused to defendant:

"(2) The court charges the jury that, if they reasonably believe from the evidence that the defendant employed the plaintiffs to sell certain lands in Mobile county for the defendant, and that the plaintiffs entered upon said employment, then it was the duty of the plaintiffs to act in entire good faith and in the interest of the defendant; and, if the jury reasonably find from the evidence that the plaintiffs failed to act in entire good faith and in the interest of the defendant, then the plaintiffs cannot recover in this action."

"(6) The court charges the jury that, if they reasonably believe from the evidence that the defendant employed the plaintiffs to sell certain lands in Mobile county belonging to the defendant, that the plaintiffs entered upon said employment and secured a purchaser for said lands, and that, just prior thereto, there had been a sudden and great increase in the value of said lands, and that the defendant was ignorant thereof, that the plaintiffs were then and there well acquainted with said increase in value, but failed to advise the defendant thereof, and represented to the defendant that they had an offer on said lands for $1,350, and that this offer was a good offer for the defendant, that the defendant's buildings on said land were in bad repair and that it was to the interest of the defendant to accept said offer, when as a matter of fact said lands were then and there worth $2,500 or more, all of which was known to the plaintiffs, then the plaintiffs cannot recover in this action."

Hogan & Mitchell, of Mobile, for appellant.

It is the duty of a real estate agent, who has been employed to sell property, to notify the owner of any change in the circumstances

of said property after the contract of employment was made, where the owner is ignorant of such circumstances. For breach of duty in this regard, the agent loses his right to compensation. Hall v. Gambrill (C. C.) 88 F. 709; Hegenmyer v. Marks, 37 Minn. 6, 32 N. W. 785, 5 Am. St.. Rep. 808; Lichtenstein v. Case, 99 App. Div. 570, 91 N. Y. S. 57; Collins v. McClurg, 1 Colo. App. 348, 29 P. 302; Wadsworth v. Adams, 138 U. S. 380, 11 S. Ct. 303, 34 L. Ed. 984; Dean v. Roberts, 182 Ala. 221, 62 So. 44; Berry v. Marx, 206 Ala. 619, 91 So. 583; Clay v. Cummins, 201 Ala. 34, 77 So. 328; Id., 207 Ala. 105, 91 So. 790; Clifford v. Armstrong, 176 Ala. 441, 58 So. 430; Alford v. Creagh, 7 Ala. App. 358, 62 So. 254; Jackson v. Berry-Snellings R. Co., 211 Ala. 174, 100 So. 111; Henderson v. Vincent, 84 Ala. 99, 4 So. 180; Snell v. Goodlander, 90 Minn. 533, 97 N. W. 421; Holmes v. Cathcart, 88 Minn. 213, 92 N. W. 956, 60 L. R. A. 734, 97 Am. St. Rep. 513; 9 C. J. 566; 2 C. J. 714.

Foster K. Hale, Jr., of Mobile, for appellees.

When a broker obtains for the owner a purchaser, ready, able, and willing to purchase, and the owner accepts the offer, such broker is entitled to his commission earned according to agreement.

BOULDIN, J. The suit is by a real estate broker to recover commissions due as per contract with the owner. The broker obtained a purchaser able and willing to buy, who submitted a proposition in writing which was accepted in writing by the owner.

The defense was that the plaintiff firm forfeited all claim to commissions because of bad faith in promoting the offer and acceptance at a price known by the broker to be greatly less than the true value of the property.

[1] The broker occupies a fiduciary relation to the owner he represents in the sale of the property, owes full fidelity in the service he undertakes, and upon his faithfulness depends his right to compensation. The rule has been stated in strong terms and vigorously applied in numerous cases in this court. Alexander v. Smith, 180 Ala. 541, 61 So. 68; Berry v. Marx, 206 Ala. 619, 91 So. 583; Clay v. Cummins, 201 Ala. 34, 77 So. 328; Dean v. Roberts, 182 Ala. 221, 62 So. 44; Jackson v. Berry-Snellings Realty Co., 211 Ala. 174, 100 So. 111; Clifford v. Armstrong, 176 Ala. 441, 58 So. 430; Alford v. Creagh, 7 Ala. App. 358, 62 So. 254; Henderson v. Vincent, 84 Ala. 99, 4 So. 180.

[2] When the broker contracts to sell the property at not less than a price named, and thereafter the property has enhanced in value to a point greatly in excess of such minimum, a fact known to the broker and known by him to be unknown to the owner, the broker owes the duty to inform the owner of the increased value. This applies to enhancement due to general causes, or to special conditions, such as discovery of valuable minerals thereon, or proximity to recently discovered oil fields, etc. Hall v. Gambrill (C. C. A.) 92 F. 32; Hegenmyer v. Marks, 37 Minn. 6, 32 N. W. 785, 5 Am. St. Rep. 808; Wadsworth v. Adams, 138 U. S. 380, 11 S. Ct. 303, 34 L. Ed. 984; Snell v. Goodlander, 90 Minn. 533, 97 N. W. 421.

[3] The general rule is that, where the owner, dealing at arm's length in entering into the relation, has fixed a stated price and terms of sale, when the broker finds and presents a purchaser ready, able, and willing to take the property at such price and on such terms, the commissions are due. In the absence of special circumstances, he need not seek a purchaser at a higher price.

In the case before us, the price was fixed in the contract at $2,000, terms, cash. More than a year thereafter, while the contract was in force, plaintiff obtained and submitted to defendant an offer of $1,350, which was accepted.

[4] There was evidence that the broker advised the owner to accept the offer, that it was well sold at the price, and evidence that in fact there was a real estate boom in that vicinity, and the actual value at the time was about $3,500. For the purpose of showing the broker knew of the enhanced value, Mr. Crabtree, member of plaintiff firm, was asked, on cross-examination, this question:

"Just a little while before you submitted this offer of Mr. Kilborn's, did you go down to Mr. Eastburn's home and see Mrs. Eastburn and tell her you could sell this place for $2,000, and for Mr. Eastburn to come by the office?"

The court, on objection, rejected this evidence. In this there was error. It went directly to the question of good faith in presenting an offer and recommending the sale at a reduced price. Like evidence from Mrs. Eastburn, the wife of defendant, was erroneously refused.

[5] Further error intervened in refusal to admit defendant's testimony that he did not know of the enhanced value at the time.

[6] Another phase of the evidence tended to show that, on calling at plaintiff's office in response to the message of Mr. Crabtree, Mr. Espalla, another member of the firm, after ascertaining defendant had not seen his place in possibly a year and a half, represented that the improvements thereon had been greatly abused, and were in a dilapidated condition, giving details, and recommending acceptance of $1,350; that such representations were found to be untrue after the offer was accepted. This evidence, not controverted in the record, supported a defense of fraud by misrepresentation. The rejected evidence tended to support this view of the case.

[7] Charge 6, refused to defendant, was a correct statement of the law as applied to the evidence. Its refusal was error.

[8] Refused charge No. 2 should have been given. The oral charge of the court failed to cover the real issues in the case, but limited the issue to fraud inducing defendant to put the property in plaintiff's hands for sale.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.